IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 06-00028 |
| v. | )<br>) |
| D&S CUSTOM DESIGN, LLC<br>    a/k/a D.& S. Custom Design | )<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Plaintiff, International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), is entitled to an Order entering judgment by default against Defendant, D&S Custom Design, LLC a/k/a D. & S. Custom Design ("Company" or "Defendant"), in the amount of $85,831.26.

The Pension Fund served its Complaint on Defendant on January 23, 2006. To date, Defendant has failed to answer the Complaint or to otherwise defend this action. Plaintiff filed a Request to Clerk to Enter Default against the Defendant pursuant to Fed. R. Civ. P. 55(a) on February 14, 2006. Default was entered against the Defendant on February 15, 2006. Plaintiff now submits its motion for entry of judgment by default.

Accompanying this memorandum are a Declaration of Thomas C. Montemore, a Declaration of Sanford G. Rosenthal and a proposed form of judgment.

The Pension Fund requests that the Court enter judgment by default against Defendant in the amount of $85,831.26, as set forth in the enumerated paragraphs below.

1. **Unpaid Contributions in the amount of $67,752.00.**

Defendant owes $67,752.00 in unpaid contributions for the period July 2005 through

164856.1

December 2005 based on remittance reports prepared by Defendant and submitted to the Pension Fund. Montemore Declaration, ¶6.

2. <u>Interest through February 28, 2006 of $1,841.45.</u>

Section 10 of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) sets the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through February 28, 2006 on Defendant's $67,752.00 in delinquent contributions totals $1,841.45. Interest shall continue to accrue on unpaid contributions in accordance with the Plan and ERISA until the date of actual payment. Montemore Declaration, ¶7; 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

3. <u>Liquidated Damages of $13,550.40.</u>

ERISA and Section 10 of the Plan mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions. As indicated above, Defendant owes $67,752.00 in unpaid contributions. Twenty percent (20%) of this amount is $13,550.40. Since the total amount of liquidated damages is greater than the interest amount, Company owes $13,550.04 in liquidated damages attributable to the unpaid contributions during the period July 2005 through December 2005. Montemore Declaration, ¶8; 29 U.S.C. § 1132(g)(2).

4. <u>Late charges of $275.41.</u>

ERISA and the Section 10.12 of the Plan allow other legal or equitable relief as the Court deems appropriate. Article VI, Sec. 4 of the Pension Fund's Agreement and Declaration of Trust provides for "late charges" in the form of interest on contributions paid more than twenty days after the due date and prior to litigation. Defendant owes $275.41 in late charges for the period March

2005 through July 2005. See, <u>International Brotherhood of Painters and Allied Trades International Union and Industry Pension Fund v. Claser Painting Corporation</u>, No. 91-7185, slip. op. at *1-2 (D.C. Cir. Feb. 1, 1993). Montemore Declaration, ¶9.

5. <u>Attorneys' fees and costs of $2,312.00</u>

Plaintiff has incurred $2,312.00 in attorneys' fees and costs in seeking payment of amounts owed by the Defendant for the period January 2006 through February 17, 2006. Rosenthal Declaration, ¶2; 29 U.S.C.§ 1132(g)(2).

6. <u>Injunctive Relief.</u>

In light of Defendant's failure to comply with their contractual and statutory obligations to the Pension Fund to submit timely, accurate remittance reports and pension contributions each month (See, Montemore Declaration, ¶10) and the irreparable harm which Defendant's malfeasance causes the Pension Fund, the Pension Fund respectfully requests the injunctive relief which is set forth in its proposed default judgment. <u>Laborers' Fringe Benefit Funds v. Northwest Concrete</u>, 640 F.2d 1350, 1352 (6th Cir. 1981); <u>IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc.</u>, 4 EBC 1199, 1200 (D.D.C. 1983); <u>Teamsters Local 639 - Employers Trust v. Jones & Artis Construction Co.</u>, 640 F.Supp. 223 (D.D.C. 1986).

7. <u>Future Attorneys' Fees and Costs of Collection.</u>

The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it incurs in

connection with the enforcement and collection of any judgment entered by the Court. See, Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989); Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., No 02-1128, 2003 U.S. App. LEXIS 2098 (3d Cir. Feb 6, 2003).

        Respectfully submitted,

        JENNINGS SIGMOND, P.C.


        BY: /s/ Sanford G. Rosenthal
            SANFORD G. ROSENTHAL, ESQUIRE
            (I.D. NO. 478737)
            The Penn Mutual Towers, 16th Floor
            510 Walnut Street, Independence Square
            Philadelphia, PA 19106-3683
            (215) 351-0611/0660

Date: February 17, 2006        Attorneys for Plaintiff